55 CCPA

### Application of August H. RAUCH.
### Patent Appeal No. 7811.

United States Court of Customs and Patent Appeals.

Feb. 15, 1968.

Rehearing Denied April 11, 1968.

James M. Heilman, Heilman & Heilman, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 5–7, 9–15 and 17 in appellant's application[1] for "Veneer Filling Compound" as "unpatentable over Brown et al.[2] or Aedikian,[3] each alone or in view of Meiler et al."[4]

The invention relates to a composition for filling knotholes or other surface defects in inner plies of plywood to provide a smooth, check-free surface to which thin surface veneers or decorative overlay papers may be applied. According to the specification the "essence" of

---

1. Serial No. 102,145, filed April 11, 1961.

2. British Patent 598,553, accepted February 20, 1948.

3. U. S. Patent 2,652,373, issued September 15, 1953.

4. U. S. Patent 2,635,976, issued April 21, 1953.

the composition comprises asbestos in conjunction with sawdust and binding agents. Claim 5 is representative of the composition:

> 5. Improved veneer filling compound which comprises in combination a composition containing asbestos fiber, sawdust and a binder wherein the amount by weight of asbestos fiber present is in the range from about 1 to 15%, the amount of binder present is in the range from about 1 to 15%, and the amount of sawdust present is in the range from about 70 to 98%.

Claims 9 and 10 are directed to plywood in which one of the plies has a cavity filled with the composition. Claims 11–15 are directed to a process of preparing the composition. The claims have been treated below as standing or falling together. We so treat them here.

■ Before directing our attention to the merits of the rejection, appellant raises a preliminary issue in his brief, urging that the Commissioner of Patents, through the director, Chemical Examining Operations, erred in refusing to return his application to the examiner for further prosecution after he cited two new references in his Answer.[5] Appellant contends that the alleged "summary," "kangaroo" practice accorded him by the Patent Office deprived him of an opportunity to amend his claims, thus denying him due process of law.

We are of the opinion that appellant's request for review by this court of the action of the Commissioner is, under the present circumstances, both frivolous and futile. We would not otherwise comment upon it were not a fair portion of the brief and some discussion at oral argument devoted to the issue. The record speaks for itself as to the merits of appellant's claim. In any event, and aside from the fact the issue is not alluded to in any reason of appeal,[6] we are without authority to review decisions of the Commissioner in matters of this nature. 35 U.S.C. § 141; In re Jewett, 247 F.2d 953, 45 CCPA 714.

■ Turning to the merits of the rejection, the examiner noted that Brown discloses a composition containing sawdust, asbestos fiber and 7.5–10% thermosetting resin binder which is useful in the manufacture of artificial wood board. Describing a procedure to make a three-ply board, Brown states:

> * * * we take 38 parts of sawdust and thoroughly mix with 5 parts of synthetic resin, preferably of the thermo-setting type * * * [yielding approximately an 88/12 ratio by weight]. When thoroughly mixed, 25% of the impregnated sawdust is reserved for veneering the top and bottom face of the board. The remaining 75% impregnated sawdust is then thoroughly mixed with 57 parts (by weight) of wood chips. * * *

It further appears from the disclosure and claims of Brown that asbestos fibers are added to both the core and veneering compositions to render them fire-resisting.

Avedikian discloses a moldable composition useful as a building material

---

5. The record shows that the examiner first cited Brown and Meiler in his Answer, stated that he was entering a new ground of rejection, and gave appellant 60 days in which to file a reply. Said the examiner:

> *Such reply may include any amendment* or material appropriate to the new ground of rejection and may request remand to the Examiner to consider such *amendment* or material. * * * [Emphasis supplied.]

Without filing further amendment or material, appellant petitioned the Commissioner to return the case to the examiner, apparently only for further argument. The Director, acting for the Commissioner, pointed out that the examiner's action was in accord with Patent Office Rule 193(b), and gave appellant 30 more days to file any appropriate reply and to proceed in the manner indicated in the above-quoted portion of the examiner's Answer. It appears appellant then simply filed a reply brief, which is not a part of the present record.

6. See In re Wiechert, 370 F.2d 927, 54 CCPA 957.

comprising phenolic resin binder and sawdust filler or "other fibrous and/or comminuted material which is capable of being compacted or molded," such as "iron filings and asbestos." Small amounts of paraffin wax are added to reduce water absorption of the final product.

Meiler discloses a composition of 1–40% synthetic rubber-phenol aldehyde binder and "mineral or vegetable" filler, such as "sawdust or wood flour," which, when applied as overlayers on pieces of plywood, "conceals any blemishes and defects which may be present on the surface of the material" and "fills in knot holes."

The examiner and board were of the view that the selection of the particle sizes and proportions of sawdust and asbestos fiber recited in one or more of the claims was "within the ordinary ability of one skilled in the art," and that there "is nothing of record to indicate the criticality of the limitations." Reliance was placed upon Avedikian to establish obviousness of the addition of wax to the composition as recited in some of the claims and upon Meiler to show that similar compositions including rubber binders had been used to fill defects in plywood sheets.

Appellant's argument is premised principally on the contention that Brown does not disclose adding asbestos to a composition containing only resin and sawdust, but includes wood waste other than sawdust—wood chips, for example —in the composition as well. Apart from the fact that appellant's claims do not preclude the presence of such wood waste as wood chips in his composition, we think that Brown does clearly disclose to those in the art adding asbestos to the wood waste-free resin and sawdust composition he reserved for veneering the core of his board. Nor do appellant's arguments convince us of error in the board's conclusion that the limitations in the claims relating to amounts or sizes of sawdust and asbestos particles lack patentable significance because well within the skill of the art. Merely be-

cause appellant's specification denotes those limitations as "preferred" does not, without more, establish them as critical.

The decision is affirmed.

Affirmed.

SMITH, Judge (concurring).

I agree with the result reached by the majority. The record shows that the Board of Appeals here consisted of more than one Acting Examiner-in-Chief. For my view on such boards, see my dissenting opinion in In re Wiechert, 370 F.2d 927, 54 CCPA 957 (1967).